**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANTWAUN BROWN,

       **Plaintiff,**

v.                                                      **Case No: 6:26-cv-948-PGB-LHP**

UNITED PARCEL SERVICE,
INC., TEAMSTERS UNION
LOCAL 385, DAVID
CONCANNON and CASEY
MEDLEN,

       **Defendants.**
_____/

## <u>ORDER</u>

This cause comes before the Court on a *sua sponte* review of the file. For the reasons set forth below, *pro se* Plaintiff Antwaun Brown's ("**Plaintiff**") Amended Complaint (Doc. 22 (the "**Amended Complaint**")) is dismissed without prejudice as a shotgun pleading.[1]

## I.   BACKGROUND

On June 10, 2026, Plaintiff filed the operative Amended Complaint against Defendants United Parcel Service, Inc.; Teamsters Union Local 385; David Concannon; and Casey Medlen (collectively, the "**Defendants**"). (Doc. 22). In the Amended Complaint, Plaintiff brings six causes of action against Defendants, each

---

[1]   Although *pro se* pleadings are liberally construed, courts are not required to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

rooted in their purported violations of 42 U.S.C. § 1981. (*Id.* ¶¶ 95–159). Of relevance to the instant Order, in the first paragraph under each successive count, Plaintiff "incorporates by reference each and every allegation" contained in all preceding paragraphs. (*Id.* ¶¶ 95, 107, 119, 132, 142, 153).

## II.    STANDARD OF REVIEW

"The Court has an independent obligation to dismiss a shotgun pleading." *Ain Jeem, Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule A*, No. 8:21-cv-1331, 2021 WL 2941735, at *1 (M.D. Fla. July 13, 2021). "'If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader.'" *Id.* (quoting *McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc.*, No. 6:08-cv-1978, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009)); *see Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam)[2] (affirming the district court's *sua sponte* dismissal of a shotgun pleading).

There are four general categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause

---

[2]    "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

## III.  DISCUSSION

Put simply, Plaintiff's Amended Complaint falls within the first category of shotgun pleadings identified by *Weiland. See id.* at 1321–23. The first paragraphs of Counts II, III, IV, V, and VI each incorporate all preceding paragraphs. (Doc. 22, ¶¶ 107, 119, 132, 142, 153). Plaintiff's successive adoption of all preceding paragraphs at the start of each count folds in each previous count's allegations, making the Amended Complaint a textbook example of the first category of shotgun pleadings. *See Weiland*, 792 F.3d at 1321–23. Instead, Plaintiff must specifically identify only those paragraphs relevant to the claim at issue if Plaintiff chooses to restate and reallege such claims. Consequently, the Court *sua sponte* dismisses Plaintiff's Amended Complaint as a shotgun pleading with repleader necessary to cure these defects.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Amended Complaint (Doc. 22) is **DISMISSED WITHOUT PREJUDICE**; and

2. On or before **July 30, 2026**, Plaintiff may file a second amended complaint consistent with the directives of this Order. Failure to timely file a second amended complaint may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida on July 9, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties