UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTWUAN BROWN,

Plaintiff,

v. Case No: 6:26-cv-948-PGB-LHP

UNITED PARCEL SERVICE, INC., TEAMSTERS UNION LOCAL 385, DAVID CONCANNON, and CASEY MEDLEN,

Defendants.

---

# ORDER

This case is before the Court on *pro se* Plaintiff Antwaun Brown's Omnibus Motion for Leave to File a Third Amended Complaint and Motion to Sanction Defendants for Non-Compliance With Local Rule 3.01(g). Doc No. 51. Defendants United Parcel Service, Inc. ("UPS"), Teamsters Union Local 385 ("Local 385"), David Concannon ("Concannon"), and Casey Medlen ("Medlen") each oppose (Doc. Nos. 57, 58), and Plaintiff has filed an authorized reply. Doc. Nos. 66, 68. Upon consideration, the Court finds that Plaintiff's motion is due to be granted to the extent that he will be provided one final opportunity to amend, but denied as to the request for sanctions.

## I. BACKGROUND

Plaintiff initiated this case on April 30, 2026 with a complaint seeking damages and injunctive relief against Defendants under 42 U.S.C. § 1981 for alleged racial discrimination and retaliation in relation to Plaintiff's collective bargaining agreement with his employer, UPS. Doc. No. 1. Local 385 and Concannon moved to dismiss and to stay discovery pending resolution of their motion. Doc. Nos. 9, 20. Plaintiff did not respond to either motion, instead he filed an amended complaint, as permitted under Federal Rule of Civil Procedure 15(a)(1). Doc. No. 22. The motion to dismiss and to stay were thereafter denied as moot. Doc. Nos. 24, 26.

Plaintiff's amended complaint again alleged claims under 42 U.S.C. § 1981 for racial discrimination, disparate treatment, harassment, and retaliation in relation to the enforcement of the collective bargaining agreement with UPS, as well as civil conspiracy claims under 42 U.S.C. § 1985(3). Doc. No. 22. UPS and Medlen moved to dismiss on the basis that the amended complaint was a shotgun pleading (Doc. No. 32), and Local 385 and Concannon moved to dismiss on the grounds that Plaintiff failed to state plausible claims for relief (Doc. No. 33). Local 385 and Concannon also renewed their motion to stay discovery pending resolution of their motion. Doc. No. 34. Plaintiff filed an opposition to the motion to stay (Doc. No. 38), but before Plaintiff filed his responses to the motions to dismiss, Presiding

District Judge Paul G. Byron *sua sponte* dismissed without prejudice the amended complaint as a shotgun pleading. Doc. No. 39. Specifically, Judge Byron held that each of Plaintiff's claims impermissibly incorporated all preceding paragraphs, and provided Plaintiff leave to replead. *Id.* Judge Byron did not speak to the substantive merits of any of Plaintiff's claims. *Id.* Thereafter, Defendants' motions to dismiss and to stay were denied as moot. Doc. Nos. 40, 41.

Plaintiff timely filed his second amended complaint ("SAC"), which is the operative pleading, on July 28, 2026. Doc. No. 45. The SAC contains thirteen (13) claims: claims of racial discrimination, disparate treatment, and hostile work environment under § 1981 against UPS and Medlen (Counts 1-3); retaliation under § 1981 against UPS and Medlen (Counts 4-5); discrimination in the enforcement of contracts under § 1981 against Local 385 and Concannon (Counts 6-7); retaliation under § 1981 against Local 385 and Concannon (Counts 8-9); denial of full and equal benefit of contractual provisions under § 1981 against Local 385 and Concannon (Counts 10-11); and two claims for civil conspiracy under both § 1981 and 42 U.S.C. § 1985(3) against all Defendants (Counts 12-13). *Id.*

On August 11 and August 13, 2026, Defendants renewed their motions to dismiss, arguing that the SAC remains an impermissible shotgun pleading, and fails to plausibly allege claims for relief. Doc. Nos. 46-47. Local 385 and Concannon further contend that Plaintiff cannot, as a matter of law, use a violation of 42 U.S.C.

§ 1981 to form the basis of a conspiracy claim under 42 U.S.C. § 1985(3). Doc. No. 47, at 24-25.[1] And on August 14, 2026, Plaintiff filed the present motion seeking leave to file a third amended complaint, along with a request to sanction Defendants for allegedly failing to comply with the conferral requirements of Local Rule 3.01(g), and for Local 385 and Concannon allegedly filing their motion to dismiss after the deadline to do so had expired. Doc. No. 51. Plaintiff has attached to his motion a proposed third amended complaint ("TAC"), which is 70 pages in length and asserts the same 13 claims against Defendants. Doc. No. 51-1. As of the date of this Order, Plaintiff has not otherwise responded to Defendants' motions to dismiss.

While these motions have been pending, Judge Byron issued a Case Management and Scheduling Order ("CMSO") which, as relevant to the present dispute, established a September 30, 2026 deadline to file motions to add parties or amend pleadings, a September 1, 2027 discovery deadline, and an October 4, 2027 dispositive motions deadline. Doc. No. 52. And on September 14, 2026, Plaintiff filed a notice seeking to voluntarily withdraw counts 12 and 13 – the civil conspiracy claims – from his proposed TAC. Doc. No. 60.

---

[1] Local 385 and Concannon again moved to stay discovery, which Judge Byron denied on August 14, 2026. Doc. Nos. 48-49.

## II. ANALYSIS

The Court starts with Plaintiff's request for sanctions. Doc. No. 51, at 2-5. Plaintiff first argues that Defendants' motions to dismiss (Doc. Nos. 46-47) should be stricken/denied as a sanction because their counsel only engaged in a "brief phone call lasting approximately eight (8) minutes," which Plaintiff contends does not constitute a "good-faith dialog" as required by Local Rule 3.01(g). *Id.* Plaintiff further argues that Local 385's and Concannon's motion to dismiss (Doc. No. 47) was late-filed. *Id.* at 5.

Not so. Plaintiff admits that a conferral occurred between himself and counsel for Defendants (*see also* Doc. No. 57, at 20-21; Doc. No. 58, at 4, 6-8), and he points to no legal authority suggesting that a Local Rule 3.01(g) conferral must last for any specific amount of time. Moreover, it is clear that Plaintiff is aware of the issues raised in the motions to dismiss, as he addresses them in both the present motion and his reply. Doc. Nos. 51, 68. Nor does the Court find Local 385's and Concannon's motion to dismiss (Doc No. 47) untimely. Because Plaintiff is proceeding *pro se*, he has not been provided access to file directly via CM/ECF, rather he must submit his papers to the Clerk of Court who files them on the docket. Here, the Clerk of Court did not file Plaintiff's SAC on the docket until July 30, 2026 (Doc. No. 45), at which point service via CM/ECF was effected on all Defendants, who then had fourteen (14) days – until August 13, 2026 – to answer or otherwise

respond. *See* Fed. R. Civ. P. 5(b)(2)(E); *see also* Fed. R. Civ P. 15(a)(3). Local 385 and Concannon filed their motion to dismiss on the August 13, 2026 deadline, therefore it was timely filed. Doc. No. 47. Accordingly, Plaintiff's request for sanctions (Doc. No. 51) will be denied.

The Court now turns to Plaintiff's request for leave to file his TAC. In the motion, which was filed prior to the expiration of the deadline to amend pleadings, Plaintiff seeks to file his TAC solely to "cure the narrow typographical and technical paragraph-linking defects raised by Defendant UPS" by "meticulously defining which specific factual paragraphs apply to each individual count, thereby eliminating any 'shotgun pleading' concerns." Doc. No. 51, at 2, 3. Plaintiff further states that this case is in its early stages, and that Defendants will suffer no prejudice if amendment is permitted. *Id.* at 3.

Defendants each oppose amendment, arguing that Plaintiff continues to fail to allege plausible claims for relief, in that the allegations as to each claim are conclusory in nature, and that Plaintiff's § 1985(3) civil conspiracy claims cannot proceed on alleged violations of § 1981. Doc. Nos. 57-58. Defendants UPS and Medlen further argue that the proposed TAC remains a shotgun pleading, and that they will suffer prejudice if amendment is permitted, as it will "restart the pleading cycle," moot their motion to dismiss, and force them to continue litigation without any progress towards resolution of Plaintiff's claims. Doc. No. 58, at 12-13, 17-18.

And while acknowledging that their motion to dismiss is now moot, Defendants Local 385 and Concannon argue that Plaintiff's motion to amend should be denied and the case dismissed with prejudice. Doc. No. 57, at 19-21.

Because Plaintiff sought leave to amend prior to the expiration of the deadline for doing so as set forth in the CMSO, *see* Doc. Nos. 51, 52, Federal Rule of Civil Procedure 15 governs the requested amendment. Rule 15 provides that, for amendments not filed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The mandate of Rule 15(a) to freely grant leave to amend "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend may be denied based on the factual circumstances of the case, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Id.* "Amendment is futile if a claim is clearly without merit and there is no indication a more carefully drafted pleading might state a claim." *Johnson v. Byers*, No. 6:21-cv-1473-CEM-EJK, 2021 WL 11645789, at *2 (M.D. Fla. Oct. 12, 2021), *report and recommendation adopted*, No. 6:21-cv-1473-CEM-EJK, 2021 WL 11645801 (M.D. Fla. Nov. 1, 2021) (citing *Howard v. Memnon*, 572 F. App'x 692, 697 (11th Cir. 2014)).

Upon consideration, the Court finds that providing Plaintiff with one final opportunity to amend is appropriate. The majority of Defendants' arguments in opposition to amendment are pleading sufficiency contentions, which are better resolved by way of a renewed motion to dismiss. *See, e.g.*, *Real Est. Indus. Sols., LLC v. Concepts in Data Mgmt. U.S., Inc.*, No. 6:10-cv-1045-Orl-GJK, 2012 WL 12903886, at *2 (M.D. Fla. Feb. 16, 2012) ("[I]ssues of pleading sufficiency . . . are better dealt with in fully briefed motions to dismiss or motions for summary judgment."); *My Energy Monster, Inc. v. Gawrych*, No. 8:20-cv-2548-MSS-AEP, 2021 WL 2964065, at *2 (M.D. Fla. Mar. 25, 2021) (finding futility arguments better addressed in a renewed motion to dismiss); *see also S.-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 3:18-cv-1305-J-32MCR, 2019 WL 5103321, at *1 (M.D. Fla. June 10, 2019) (deferring ruling on futility argument on motion to amend filed on last day for amending pleadings in CMSO, to be addressed by separate motions to dismiss). The Court is also persuaded by the fact that Plaintiff is attempting to streamline his claims, as demonstrated by his desire to no longer pursue his civil conspiracy claims (Doc. No. 60), and is attempting to correct his shotgun pleading deficiencies by no longer incorporating large swaths of identical factual allegations into each claim. *See* Doc. No. 51-1.[2]

---

[2] The Court notes that in their response, Local 385 and Concannon do not claim that the proposed TAC is still a shotgun pleading. Doc. No. 57. And while UPS and Medlen still so argue (Doc. No. 58, at 12-14), the Court is not convinced. To be sure, many of the

The Court also does not find the claims of prejudice sufficient to outweigh the dictates of Rule 15. UPS's and Medlen's prejudice argument distills down to the fact that they will have to refile their motion to dismiss and continue litigating this case. Such assertions are not enough to convince the Court that one final opportunity to amend should not be provided. *See, e.g., Holmes v. Nat'l R.R. Passenger Corp.*, No. 1:20-cv-00131-LMM, 2021 WL 9624563, at *2 (N.D. Ga. Nov. 8, 2021) ("[T]here is no prejudice to a party in having to litigate a case: 'the inquiry is whether prejudice results from the delay, not from having to continue to litigate the case.'" (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009))); *Kremer v. Lysich*, No. 3:19-cv-887-J-39JBT, 2020 WL 12813687,

counts in the proposed TAC rely on the same factual allegations, but those allegations are precisely identified, and neither UPS nor Medlen point to any legal authority that would prohibit such pleading, particularly where Plaintiff asserts both organizational and individual liability under the same legal theories. *See, e.g.*, *Du v. McDonough*, No. 8:22-cv-1526-CEH-TGW, 2023 WL 4456873, at *2 (M.D. Fla. July 11, 2023) (denying motion to dismiss on basis of shotgun pleading where each count cited to the same set of factual allegations, but did not incorporate the preceding counts, and where the alleged forms of discrimination involved intertwined facts); *U.S. E.E.O.C. v. Fla. Gulf Coast Univ.*, No. 2:06-cv-326-FtM-29SPC, 2007 WL 2077577, at *2 (M.D. Fla. July 16, 2007) (denying motion to dismiss on the basis of shotgun pleading where plaintiff's gender discrimination claim and retaliation claim stemmed from the same underlying facts, as it is therefore "not surprising that the two counts share some of the same factual allegations."). And while the proposed TAC is most certainly lengthy, the Court disagrees with UPS and Medlen that it is replete with immaterial facts such that Defendants are not on notice of the claims and are unable to put forth a defense. *See Doe v. Ford*, No. 26-cv-20670, 2026 WL 2338558, at *4 (S.D. Fla. Aug. 13, 2026) (complaint was not a shotgun pleading even though some of the allegations were conclusory in nature and may not have been "a model of efficiency or specificity," but still placed defendant on notice of the claims against him (citations and internal quotation marks omitted)). Whether or not the factual allegations are sufficient to survive a motion to dismiss, however, is a debate for another day.

at *2 (M.D. Fla. Sept. 14, 2020), *objections overruled*, 2020 WL 13611565 (M.D. Fla. Dec. 16, 2020) (permitting *pro se* plaintiff leave to file a fourth amended complaint, finding the filing of motions to dismiss insufficient prejudice to deny leave to amend).

That said, the Court notes Plaintiff's desire to no longer pursue his civil conspiracy claims, as alleged in Counts 12-13 of the SAC and the proposed TAC. *See* Doc. Nos. 45, 51-1, 60. However, a plaintiff can only voluntarily dismiss parties, he cannot voluntarily dismiss individual claims. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023) ("Our cases make clear that a voluntary dismissal purporting to dismiss a single claim is invalid." (citation and internal quotation marks omitted)). Therefore, the Court will provide Plaintiff an opportunity to submit a third amended complaint that removes those claims. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." (citation and internal quotation marks omitted)).

## III. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' Omnibus Motion for Leave to File a Third Amended Complaint and Motion to Sanction Defendants for Non-Compliance with Local Rule 3.01(g) (Doc No. 51) is **GRANTED in part**.

2. Within **fourteen (14) days** from the date of this Order, Plaintiff shall file a third amended complaint. Such pleading cannot assert new claims or add new parties and must remove the civil conspiracy claims (Counts 12-13).

3. Plaintiff's Motion (Doc. No. 51) is **DENIED in all other respects**.

4. Defendants' motions to dismiss (Doc. Nos. 46-47) are **DENIED as moot**. *See* Doc. No. 57, at 20; Doc. No. 58, at 18. Defendants shall answer or otherwise respond to the third amended complaint, once filed, within the time period afforded by Fed. R. Civ. P 15(a)(3).

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties